UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRP LOAN, LLC,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : 　3:08-cv-375 (WWE) |
| HERMAN VANECK,<br>　　　Defendant. | :<br>:<br>: |

### RULING ON MOTION TO REMAND

Now pending before the Court is plaintiff's motion to remand this proceeding to state court.

### BACKGROUND

Bankers Trust Co. of California, predecessor in interest to plaintiff, commenced this action in Connecticut state court with the filing of a complaint on March 25, 2002. On March 12, 2008, defendant removed this proceeding to this Court pursuant to 28 U.S.C. § 1441(b), because, defendant alleges, plaintiff is a Delaware corporation with a principal place of business in New York while defendant is a foreign citizen. Plaintiff now moves for this Court to remand this proceeding to state court arguing, among other arguments, that the removal was untimely under 28 U.S.C. § 1446(b). Defendant contends that removal was timely because he only discovered plaintiff's corporate citizenship within thirty days of removal and that such delay was reasonable.

### DISCUSSION

A party may remove a case from state court to federal court only if the action is one over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). In order to demonstrate that removal is proper, the movant bears the burden

1

of showing the existence of federal jurisdiction. The rules regarding removal are to be strictly construed. In re Methyl Tertiary Butyl Ether Products Liability Litig., 342 F. Supp. 2d 147, 151 (S.D.N.Y. 2004). Section 1446(b), which limits removal, provides, in pertinent part, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This action was commenced more than one year ago and is therefore not removable.

Although the Court has discretion to keep this case, see, e.g., Manas y Pineiro v. Chase Manhattan Bank, N. A., 443 F. Supp. 418, 421 (S.D.N.Y. 1978) ("The defect of untimeliness in removal cases is not jurisdictional, but merely modal and formal."), due to the long and complicated history of this case and pursuant to the Rooker-Feldman doctrine, the Court will remand it to state court for further proceedings. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5 (E.D.N.Y. 2005) (remanding case back to state court where removal was late and case history necessitated application of Rooker-Feldman doctrine).

The Rooker-Feldman doctrine provides that "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995), and "federal review, if any, can occur only by way of a certiorari petition to the [United States] Supreme Court," Moccio

2

v. New York State Office of Court Admin., 95 F.3d 195, 197 (2d Cir. 1996). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998). The history of this case demonstrates that defendant is attempt to relitigate issues already decided by the state trial and appellate courts. This Court is not the appropriate forum for such a challenge.

## CONCLUSION

For the reasons set forth above, plaintiff's Motion for Remand to State Court (Doc. #15) is GRANTED. The Clerk is instructed to remand this case to state superior court.

Dated at Bridgeport, Connecticut, this 24th day of July, 2008.

/s/
Warren W. Eginton
Senior United States District Judge